# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-08-00197-CV

---

**Arturo Gracia, Appellant**

**v.**

**City of Killeen, Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 225,214-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

---

### O P I N I O N

This appeal concerns the proper construction of the phrase "officially charged" in section 143.056 of the Texas Local Government Code. Section 143.056 permits the temporary suspension of a police officer without pay if the officer is "officially charged with the commission of a Class A or B misdemeanor." Tex. Loc. Gov't Code Ann. § 143.056(a) (West 2008). Appellant Arturo Gracia was suspended without pay under section 143.056 as of the date an arrest warrant was served on him for a Class A misdemeanor. Gracia filed suit against appellee, the City of Killeen, Texas, seeking declaratory relief that he was not "officially charged" in accordance with section 143.056 until an information was filed against him in court some 32 days later. The trial court determined that Gracia's suspension was in compliance with section 143.056, denied Gracia's motion for summary judgment, and granted the City's motion for summary judgment. We reverse the trial court's judgment and render judgment that Gracia was not officially charged within

the meaning of section 143.056 until the information was filed against him, and that the City is required to pay any compensation improperly withheld prior to the filing of the information. In addition, we remand for consideration of costs and attorneys' fees and further proceedings consistent with this opinion.

### Factual and Procedural Background

Gracia was a police officer for the City of Killeen and a member of the City's fire fighters' and police officers' civil service system. The City is subject to chapter 143 of the Texas Local Government Code, the provisions of which govern municipal civil service for fire fighters and police officers. On July 27, 2007, Reese Davis, a peace officer, filed an "Application and Affidavit for Arrest Warrant" with a justice of the peace in Bell County, accusing Gracia of causing bodily injury to Elvia Paularena, a "family member and household member" of Gracia's. The application for an arrest warrant was supported by the affidavit of Officer Davis and a complaint signed by Paularena. The justice of the peace, acting as a magistrate under penal code section 15.03, then issued an arrest warrant for Gracia for the Class A misdemeanor offense of "Assault with Bodily Injury—Family/Household Member," and Gracia was arrested the same day. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (West Supp. 2008). On July 27, as a result of his arrest, Gracia was temporarily suspended from the Killeen Police Department, without pay, pursuant to section 143.056 of the local government code.[1]

---

[1] The suspension was originally for a period of 30 days. On August 24, 2007, based on the same criminal charges, Gracia's temporary suspension without pay was extended for an additional 30-day period.

The matter was not prosecuted in the justice court, as that court did not have jurisdiction to adjudicate such a case. *See* Tex. Code Crim. Proc. Ann. art. 4.11 (West Supp. 2008). Rather, on August 28, 2007, the Bell County Attorney filed an information against Gracia in county court for the Class A misdemeanor for which he had been arrested.

Gracia filed suit against the City for declaratory relief on August 29, 2007, seeking his compensation withheld prior to the filing of the information on August 28.[2] Gracia alleged that a temporary suspension under local government code section 143.056 could not commence for a Class A misdemeanor in Bell County until an information was filed. The parties filed competing motions for summary judgment. The trial court granted the City's motion and denied Gracia's motion. Gracia appeals the trial court's summary judgment.

*Analysis*

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). When, as here, both parties file motions for summary judgment and the court denies one and grants the other, we must decide all questions presented and render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

Section 143.056(a) provides as follows:

> If a fire fighter or police officer is indicted for a felony or *officially charged with the commission of a Class A or B misdemeanor*, the department head may temporarily suspend the person with or without pay for a period not to exceed 30 days after the

---

[2] Gracia does not challenge any disciplinary action taken on or after August 28, 2007.

date of final disposition of the specified felony indictment or misdemeanor complaint.

Tex. Loc. Gov't Code Ann. § 143.056(a) (emphasis added). Gracia contends that he was not "officially charged" with the commission of a Class A misdemeanor until an information was filed in court. An "information" is a written statement by the district or county attorney charging a person with the commission of an offense that may by law be so prosecuted. *See* Tex. Const. art V, § 12(b); Tex. Code Crim. Proc. Ann. art. 21.20 (West 1989). The information must be based on and filed with a sworn complaint "made by some credible person charging the defendant with an offense." Tex. Code Crim. Proc. Ann. art. 21.22 (West 1989); *see id.* art. 2.04 (West 2005) (district or county attorney "shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant"). It is the filing of the information that vests the court with jurisdiction of the cause. Tex. Const. art. V, § 12(b).

The issue in this case is whether the phrase "officially charged" in section 143.056(a) requires that an information be filed in the appropriate court, as Gracia contends, or whether the issuance of an arrest warrant by a magistrate is sufficient, as the City contends. This appeal presents a case of first impression, as the phrase "officially charged" in section 143.056(a) is not defined by statute[3] and has not yet been construed by an appellate court.

In the case of a felony charge, an indictment is the charging instrument filed with the court accusing the defendant of the offense. *See* Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc.

---

[3] Absent a statutory definition, words used in a statute are given their ordinary meaning. Tex. Gov't Code Ann. § 312.002(a) (West 2005); *Mid-Century Ins. Co. v. Texas Workers' Comp. Comm'n*, 187 S.W.3d 754, 758 (Tex. App.—Austin 2006, no pet.).

4

Ann. art. 21.01 (West 1989). An information is a charging instrument that performs the same function in the case of a misdemeanor. *See* Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 21.20. The indictment and the information are each filings that will vest the trial court with jurisdiction over the charged offense. Tex. Const. art. V, § 12(b); *see Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.—Austin 1995, no pet.) ("In order to invest a court with jurisdiction over a criminal case, a charging instrument must be filed with the court."). Under local government code section 143.056, for a police officer to be temporarily suspended due to a felony charge, an indictment must first be filed in the appropriate court. *See* Tex. Loc. Gov't Code Ann. § 143.056(a). It is reasonable to construe section 143.056(a) such that the phrase "officially charged with the commission of a . . . misdemeanor" has a similar meaning as "indicted for a felony." Since, as in this case, a time delay may occur between the issuance of an arrest warrant and the filing of a charging instrument based on the same allegations, it would not be sensible for section 143.056 to permit the suspension of pay for a person charged with a misdemeanor at an earlier point in the process than would be permitted if the charged crime were a felony. By interpreting the phrase "officially charged" to refer to the filing of the information in court, then, we construe section 143.056 such that a misdemeanor charge does not result in greater suspension for the person ultimately charged than a felony charge.[4]

---

[4] We recognize that in some counties an information is not required. *See* Tex. Code Crim. Proc. Ann. art. 2.05 (West 2005) ("[I]n counties having no county attorney, misdemeanor cases may be tried upon complaint alone, without an information, provided, however, in counties having one or more criminal district courts an information must be filed in each misdemeanor case."). Our holding is, therefore, limited to those counties in which an information *is* required. The City argues that because no information is filed in some counties, the phrase "officially charged" in section 143.056(a) cannot refer to the filing of an information in *any* county. We disagree. Given

5

Reviewing section 143.056 as a whole supports this construction of the phrase "officially charged." In construing a statute, we consider the statute as a whole, not individual provisions in isolation, and we do not give one provision a meaning out of harmony or inconsistent with other provisions. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). Several provisions of section 143.056 set "30 days after the date of final disposition of the specified felony indictment or misdemeanor complaint" as a deadline. *See* Tex. Loc. Gov't Code Ann. § 143.056(a) (date by which period of suspension must terminate), (c) (date by which department head can charge a violation of civil service rules), (d) (date until which officer can postpone civil service hearing). Once the information has been filed, the "final disposition" of the misdemeanor complaint will likely be a certain date. In contrast, construing "officially charged" to refer to the issuance of an arrest warrant would add uncertainty and could unduly lengthen a suspension in the event a prosecutor abandoned or delayed the filing of an information on the misdemeanor offense alleged.[5] Moreover, other provisions of section 143.056 indicate that being "officially charged" involves court proceedings. Subsection (e) addresses a police officer "not found guilty" of the indictment or complaint, and subsection (f) contemplates the "acquittal or dismissal"

that a temporary suspension may not commence under section 143.056(a) due to a felony charge until the charging instrument—the indictment—is filed, we hold that, for counties such as Bell County in which informations are filed, a temporary suspension may not commence under section 143.056(a) due to a misdemeanor charge until the charging instrument—the information—is filed.

[5] We also note that an arrest might not, in some instances, result in any formal charges being filed or pursued. In such cases, it would be anomalous to suspend an employee for being "officially charged" with a crime when there is never a point at which the employee is charged at all.

of the indictment or complaint. *See id.* § 143.056(e), (f). These provisions provide further support for the conclusion that Gracia was not "officially charged" until the information was filed in county court.[6]

The City argues that the issuance of an arrest warrant by a magistrate is sufficient to constitute an "official charge." In this case, the City points to the fact that the victim of Gracia's alleged assault submitted a sworn complaint against Gracia. *See* Tex. Code Crim. Proc. Ann. art. 15.04 (West 2005) ("affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense"). The City also notes that the application for arrest warrant presented to the justice of the peace was supported by the affidavit of Officer Davis accusing Gracia of a Class A misdemeanor.[7] In order for the arrest warrant to be issued, the magistrate had to determine that the complaint and affidavit provided sufficient information to support an independent judgment that probable cause existed for the warrant. *See* Tex. Const. art. I, § 9; *Jones v. State*, 568 S.W.2d 847, 854 (Tex. Crim. App. 1978). According to the City, the fact that a magistrate reviewed the evidence and determined that probable cause existed for an arrest makes the fact that a warrant was issued an "official charge."

---

[6] The complaint and information are filed together. *See* Tex. Code Crim. Proc. Ann. art. 21.22 (West 1989). Section 143.056's use of the terms "complaint" and "misdemeanor complaint," rather than "information," is not surprising given that in some counties an information is not required. *See id.* art. 2.05.

[7] The purpose of the submission of the sworn complaint and affidavit for arrest warrant was to secure a misdemeanor arrest warrant from a justice of the peace sitting as magistrate. *See* Tex. Code Crim. Proc. Ann. art. 2.09 (West Supp. 2008) (justice of the peace is a magistrate), art. 15.03(a)(2) (West 2005) (magistrate may issue arrest warrant). The purpose was not to file a charging instrument for trial of the misdemeanor offense, nor could it have been, because a justice court does not have jurisdiction to hear a prosecution for the offense set out in the application for arrest warrant. *See id.* art. 4.11 (West Supp. 2008) (jurisdiction of justice courts).

However, a peace officer's affidavit establishing probable cause for an arrest cannot be viewed as an "official charge" under local government code section 143.056. This would make the filing of formal charges by way of an indictment or information—an event that may not happen even if an arrest occurs—irrelevant. We are not convinced that the legislature was intending for section 143.056 to be triggered upon an arrest warrant only. If so, the use of the term "officially charged" would be an unusually cryptic way of referring to an arrest warrant. It is more reasonable for the legislature to have intended "officially charged" to refer to the more formal process of the filing of an indictment, information, or some other document that would formally initiate a prosecution for a Class A or B misdemeanor. Moreover, the City's argument overlooks the fact that a magistrate would have performed the same responsibilities in the event the arrest warrant had been issued for a felony and yet in that case a suspension could not commence under section 143.056 until an indictment was filed in court. We are not persuaded that the legislature intended a police officer arrested under warrant for a felony to be treated more favorably under section 143.056 than a police officer arrested under warrant for a misdemeanor. *See* Tex. Gov't Code Ann. § 311.023(5) (West 2005) (in construing a statute, court may consider the consequences of a particular construction).

### *Conclusion*

Gracia was not officially charged with a Class A misdemeanor, for purposes of local government code section 143.056, until the information was filed in county court on August 28, 2007. Therefore, there was no statutory basis for the City to suspend Gracia under section 143.056 prior to that date. We reverse the judgment of the trial court and, in accordance with Gracia's

pleadings and motion for summary judgment, render judgment that (1) Gracia was not officially charged with a Class A or B misdemeanor for purposes of local government code section 143.056 until August 28, 2007, and (2) the City of Killeen is required to pay Gracia any compensation withheld pursuant to section 143.056 prior to the filing of the information on August 28, 2007. In addition, we remand the case to the trial court for consideration, in light of this opinion, of whether costs and attorneys' fees should be awarded, and for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Justices Waldrop, Henson and Onion*

Reversed and Rendered in part; Reversed and Remanded in part

Filed:  February 13, 2009

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).